# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1012V
**Filed: May 8, 2018**
UNPUBLISHED

| | |
|---|---|
| RICKY BURAS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 27, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on October 19, 2016. Petition at 1, 10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 13, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On May 4, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $92,500.00 and $3,163.33 to satisfy a State of Mississippi Medicaid lien. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards**

**(1) Petitioner a lump sum payment of $92,500.00 in the form of a check payable to petitioner, Ricky Buras.** This amount represents compensation for all damages that would be available under § 300aa-15(a); and
**(2) A lump sum payment of $3,163.33, representing compensation for satisfaction of the State of Mississippi Medicaid Lien, payable jointly to petitioner[3] and to**:

> Magnolia Health
> 5615 High Point Drive, Suite 100
> Irving, TX 75038
> Recipient ID: MS01382297822
> Case Number: 105352

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Petitioner agrees to endorse this payment to Magnolia Health.
[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RICKY BURAS,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | No. 17-1012V<br>Chief Special Master Dorsey<br>ECF |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Compensation for Vaccine Injury-Related Items**

On April 9, 2018, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Thereafter, on April 13, 2108, Chief Special Master Dorsey issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his Shoulder Injury Related to Vaccine Administration ("SIRVA"). Based on the evidence of record, respondent proffers that petitioner should be awarded **$92,500.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), with the exception of the reimbursement of the Medicaid lien, below. Petitioner agrees.

Respondent further proffers that petitioner, Ricky Buras, should be awarded funds to satisfy a State of Mississippi Medicaid lien in the amount of **$3,163.33**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Mississippi may have against any individual as a result of any Medicaid payments that the State of Mississippi has made to or on behalf of Ricky Buras from the date of his eligibility for

benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about October 19, 2016, under Title XIX of the Social Security Act. Petitioner agrees.

**II.      Form of the Award**

Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

(1)     A lump sum payment of **$92,500.00** in the form of a check payable to petitioner.[1]

(2)     A lump sum payment of **$3,163.33**, representing compensation for satisfaction of the State of Mississippi Medicaid lien, payable jointly to petitioner and to:

> Magnolia Health
> 5615 High Point Drive, Suite 100
> Irving, TX 75038
> Recipient ID: MS01382297822
> Case Number: 105352

Petitioner agrees to endorse this payment to Magnolia Health.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

*s/ Traci R. Patton*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 353-1589

Dated: May 4, 2018